UNITED STATES of America, Plaintiff–Appellee,

v.

Reynaldo **BARRAZA**, also known as David Ortiz, also known as David Elizario Barraza, Defendant–Appellant.

No. 04–50666.
Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Decided April 20, 2005.

_Buenrostro_, 868 F.2d 135, 138 (5th Cir. 1989). "[T]o qualify as a minor participant, a defendant must have been peripheral to the advancement of the illicit activity." _United States v. Miranda_, 248 F.3d 434, 446–47 (5th Cir.2001). In light of Barraza's admission that, had he successfully crossed the border in his courier status, he would have accepted even more money to to continue on another leg of the trip, the district court did not clearly err when it denied the reduction. _See United States v. Deavours_, 219 F.3d 400, 404 (5th Cir.2000).

AFFIRMED.

Joseph H. Gay, Jr, Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

Judy Fulmer Madewell, Federal Public Defender's Office, San Antonio, TX, for Defendant–Appellant.

Before JONES, SMITH, and PRADO, Circuit Judges.

PER CURIAM: * .

Reynaldo Barraza appeals the sentence that he received after he pleaded guilty to importing marijuana and to possessing with intent to distribute marijuana. Barraza argues that he was entitled to a two-level reduction in his base offense level pursuant to U.S.S.G. § 3B1.2 because, as a courier, he was a minor participant in a drug-smuggling operation.

Whether a defendant is entitled to a § 3B1.2 adjustment "turns upon culpability, not courier status." _United States v._

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.